TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiffs,
Porter Clewis, Tanella Owens
and Shaniqua Holmes

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Porter Clewis, Tanella Owens and Shaniqua Holmes<br><br>Plaintiffs,<br><br>vs.<br><br>Adult Educational Technologies, Inc.,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FOR VIOLATIONS OF:**<br>1. **THE FAIR LABOR STANDARDS ACT**<br>2. **CALIFORNIA LABOR CODE § 510**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, Plaintiffs, Porter Clewis, Tanella Owens and Shaniqua Holmes by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Porter Clewis ("Clewis"), is an adult individual residing in Oakland, California. Plaintiff has been employed by Defendant from approximately August 2012 through the present.

5. Plaintiff, Tanella Owens ("Owens"), is an adult individual residing in Oakland, California. Plaintiff has been employed by Defendant from approximately January 2015 through March 2017.

6. Plaintiff, Shaniqua Holmes ("Holmes"), is an adult individual residing in Hayward, California. Plaintiff has been employed by Defendant from approximately August 2016 through January 2017.

7. Defendant is a California business entity with a principal place of business located at 1501 Coffee Road, # Q, Modesto, California 95355.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8. Clewis is currently employed as a "night personal attendant" and began his employment in or around August 2012.

9. Owens was employed as a "night personal attendant" and began her employment in or around January 2015.

10. Holmes was employed as a "night personal attendant" and began her employment in or around August 2016.

11. The employer-employee relationships were created through an employment contract.

12. Throughout his employment with Defendant, Plaintiffs routinely worked more than forty (40) house per week, typically working at least eighty (80) hours.

13. Plaintiffs were not "exempt employees," because their primary duties were not managerial, they did not have authority to hire or fire other employees, they did not customarily or regularly supervise at least two (2) employees, and spent nearly all of their time performing non-exempt physical work such as caring for clients' daily medical, emotional, and social needs.

14. In addition, Plaintiffs did not receive a set salary, but instead were paid on an hourly basis.

15. Defendant knew or had reason to know that Plaintiffs spent all of their time preforming non-exempt work, and Defendant knew or had reason to know that Plaintiffs regularly worked more than forty (40) hours per week.

16. Nevertheless, Plaintiffs were not paid time-and-a-half for hours worked in excess of forty (40) per week. Instead, Plaintiffs were paid their regular hourly wage for all hours worked.

17. Defendant's failure to pay Plaintiffs time-and-a-half for their eligible overtime hours is, therefore, a willful violation of the FLSA and the California Overtime Law.

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT,
## 29 U.S.C. § 201, *et seq.*

18. Plaintiffs incorporate by reference all of the above paragraphs of this complaint as though fully stated herein.

19. Pursuant to 29 U.S.C. § 207, Defendant was obligated to pay Plaintiffs at a rate of one and one-half times their normal hourly rate of pay for all time spent performing compensable work in excess of forty (40) hours per week.

20. Defendant willfully and knowingly failed to pay Plaintiffs overtime wages for actual overtime hours worked.

21. Pursuant to 29 U.S.C. § 216(b), Defendant must reimburse the Plaintiffs for the unpaid overtime wages, doubled, as well as attorneys' fees and costs associated with this action.

## COUNT II
## VIOLATION OF THE CALIFORNIA OVERTIME LAW, CALIFORNIA LABOR CODE § 510, *et seq.*

22. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Pursuant to California Labor Code § 510, Defendant was obligated to pay Plaintiffs at a rate of one and one-half times their normal hourly rate of pay for all time spent performing compensable work in excess of eight (8) hours per day or in excess of forty (40) hours per week.

24. Pursuant to California Labor Code § 510, Defendant was obligated to pay Plaintiffs at a rate of two (2) times their normal hourly rate of pay for all time spent performing compensable work in excess of twelve (12) hours per day.

25. Defendant willfully and knowingly failed to pay the Plaintiffs overtime wages for actual overtime hours worked.

26. Pursuant to California Labor Code § 1194, Plaintiffs are entitled to their unpaid wages plus reasonable attorneys' fees and the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant for:

1. Unpaid overtime wages, doubled, pursuant to 29 U.S.C. § 216(b);
2. Unpaid overtime wages pursuant to California Labor Code § 1194;
3. Attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and California Labor Code § 1194; and

4. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: March 31, 2017  TRINETTE G. KENT

By: _/s/ Trinette G. Kent_
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiffs, Porter Clewis,
Tanella Owens and Shaniqua Holmes